UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERICA LACEY                                    CIVIL ACTION NO.

VERSUS                                         24-367-BAJ-EWD

NOVO NORDISK A/S, et al.

**NOTICE AND ORDER**

On May 9, 2024, Erica Lacey ("Plaintiff") filed a Complaint and Demand for Jury Trial ("Complaint") in this Court against the manufacturers, distributors, and marketers of Ozempic, an injectable prescription medication used to control blood sugar.[1]  Named as defendants in the litigation are Novo Nordisk A/S; Novo Nordisk North America Operations A/S; Novo Nordisk US Holdings Inc.; Novo Nordisk US Commercial Holdings Inc.; Novo Nordisk Inc.; Novo Nordisk Research Center Seattle, Inc.; and Novo Nordisk Pharmaceutical Industries LP (collectively "Defendants").  Plaintiff seeks damages for personal injuries purportedly sustained from taking Ozempic.[2]  Plaintiff asserts this Court has diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332.[3]

A plaintiff invokes jurisdiction under 28 U.S.C. § 1332 by presenting a claim between parties of diverse citizenship that exceeds the required jurisdictional amount of $75,000.[4]  Proper information regarding the citizenship and amount in controversy is necessary to establish the Court's diversity jurisdiction.  While it appears that the amount in controversy requirement has

---

[1] R. Doc. 1, ¶ 3.
[2] R. Doc. 1, prayer for relief.
[3] R. Doc. 1, ¶ 1.
[4] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

been sufficiently alleged in the Complaint,[5] Plaintiff has not adequately alleged the citizenship of all parties.

In her Complaint, Plaintiff properly alleges the citizenship of four Defendants. Defendant Novo Nordisk US Holdings, Inc., is properly alleged to be incorporated, and have a principal place of business, in Delaware.[6] Defendant Novo Nordisk US Commercial Holdings, Inc., is properly alleged to be incorporated, and have a principal place of business, in Delaware.[7] Defendant Novo Nordisk Inc. is properly alleged to be incorporated in Delaware, with a principal place of business in New Jersey.[8] Defendant Novo Nordisk Research Center Seattle, Inc., is properly alleged to be incorporated in Delaware, with a principal place of business in Washington.[9]

However, the citizenship allegations are deficient as to the remaining parties. With respect to the citizenship of Plaintiff Erica Lacey, the Complaint states that Plaintiff is a resident of the State of Louisiana.[10] However, the United States Fifth Circuit Court of Appeals has consistently held that an allegation of residency alone is insufficient to establish domicile, which is necessary to establish citizenship.[11]

Plaintiff alleges that Defendant Novo Nordisk A/S is a public limited liability company organized under the laws of Denmark, with a principal place of business in Denmark,[12] However, the citizenship of a limited liability company is determined by the citizenship of all its members,

---

[5] Plaintiff specifically pleads that the amount in controversy exceeds $75,000, exclusive of interest and costs. R. Doc. 1, ¶ 1. "A plaintiff's allegation that the matter in controversy exceeds the jurisdictional amount requirement is sufficient to meet the amount in controversy test unless challenged." *Express Air, Inc. v. Gen. Aviation Servs., Inc.*, 806 F.Supp. 619, 622 (S.D. Miss. 1992), citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Dassinger v. South Central Bell Telephone Company*, 505 F.2d 672 (5th Cir.1974) (dictum); and *Hupp v. Port Brownsville Shipyard, Inc*., 515 F.Supp. 546, 548 (S.D. Tex. 1981).
[6] R. Doc. 1, ¶ 19.
[7] R. Doc. 1, ¶ 17.
[8] R. Doc. 1, ¶ 15.
[9] R. Doc. 1, ¶ 24.
[10] R. Doc. 1, ¶ 8.
[11] *MidCap Media Finance, L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 313-14 (5th Cir. 2019).
[12] R. Doc. 1, ¶ 21.

each of which must be specifically identified.[13]  Here, Plaintiff has neither identified the members of Novo Nordisk A/S, nor the citizenship of its members.

With respect to Defendant Novo Nordisk North America Operations A/S, Plaintiff alleges it is a "company" organized under the laws of Denmark, with a principal place of business in Denmark.[14]  Based on the information alleged, the Court cannot determine the sufficiency of the citizenship allegation for this entity without knowing how this company is organized, whether as a corporation, limited liability company, or some other type of business association. For example, this entity has the same abbreviation reference "A/S" as Novo Nordisk A/S, which is alleged to be a public limited liability company.

Finally, with respect to Defendant Novo Nordisk Pharmaceutical Industries LP, Plaintiff alleges it is a Delaware corporation with a principal place of business located in North Carolina.[15]  However, the name of this company includes an "LP," which suggests the entity is a limited partnership, subject to different requirements for establishing its citizenship than a corporation.[16]

As Plaintiff has not adequately alleged the citizenship of all parties, this Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[17]

Accordingly,

**IT IS ORDERED** that, on or before **May 30, 2024**, Plaintiff Erica Lacey shall file a motion for leave with a proposed comprehensive amended Complaint attached (*i.e.*, includes all of

---

[13] *Nunez v. ACE Am. Ins. Co.*, No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).
[14] R. Doc. 1, ¶ 23.
[15] R. Doc. 1, ¶ 26.
[16] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).
[17] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*").

Plaintiff's numbered allegations, as revised, supplemented, and/or amended), which adequately addresses the deficiencies noted in this Order, to establish that the Court has diversity jurisdiction over the case.

This case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 23, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**